996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lloyd VICKROY, Plaintiff-Appellant,
v.
ROCKWELL INTERNATIONAL CORPORATION; Richard C. Seamans;
David Shapiro; Marc Kartman; William R. Hartman,
Jr.; Gary Phelps, Defendants-Appellees.
 No. 92-56469.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 18, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lloyd Vickroy appeals pro se the district court's summary judgment for Rockwell International Corp., his former employer, and various employees and agents of Rockwell. The district court found that Vickroy's claims were barred by the doctrine of res judicata. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 In this action, Vickroy contends that his fifth amendment due process rights were violated in a prior action brought by Vickroy against Rockwell because defendants lied under oath during those proceedings. In the prior action in which Vickroy alleged several claims relating to the late payment of overtime wages by Rockwell, the district court granted summary judgment in favor of the same defendants. That judgment was affirmed by this court in Vickroy v. Rockwell International, No. 90-55974, unpublished memorandum disposition (9th Cir. June 4, 1991).
 
 
 4
 "We review both summary judgment and res judicata determinations de novo." E. & J. Gallo Winery v. Gallo Cattle Company, 967 F.2d 1280, 1287 (9th Cir.1992).
 
 
 5
 Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating all issues that were or could have been raised in that action. Robi v. Five Platters, Inc., 838 F.2d 318, 321-22 (9th Cir.1988).
 
 
 6
 Vickroy's present action arises from the same asserted injury and involves the same parties as his prior action. He admits that his claims of perjury by the defendants were presented to this court in his prior action in a petition for rehearing and were rejected. Moreover, the credibility of the defendants' testimony was a material fact properly considered and resolved by the district court in the prior action. Thus, the claims Vickroy asserts in the present action clearly fall within the bar of res judicata as they were or could have been raised in his prior action. See id. Accordingly, the district court did not err by granting summary judgment for the defendants.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3